IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Audrey Denice Sims, <br><br> Plaintiff, <br> vs. <br><br> Dollar General, Dolgencorp, LLC, Dolgencorp, Inc., Corporation Service Co., <br><br> Defendants. | Civil Action No.: <br><br> **NOTICE OF REMOVAL** |

1.  Defendants Dollar General, Dolgencorp, LLC, Dolgencorp, Inc., (hereinafter, "Dollar General") files this Notice of Removal of the above-titled action from the Court of Common Pleas of Newberry County, South Carolina, to the United States District Court for the District of South Carolina, Greenwood Division, pursuant to 28 U.S.C. § 1441.

2.  The above-titled action was instituted by the Plaintiff against Defendant by service of a Summons and Complaint that were filed on August 12, 2022, in the Newberry County Court of Common Pleas and served on Defendant via their registered agent, CT Corporation. The action is currently pending in the Court of Common Pleas for Newberry County, South Carolina, Case No. 2022-CP-36-00313. No further proceedings have been filed and the Summons and Complaint constitute all process, pleadings or orders properly served in this action. Pursuant to 28 U.S.C. § 1446(a), Dollar General files herewith a copy of the Summons and Complaint.

3.  There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because Plaintiff could have originally filed the action in this Court pursuant to 28 U.S.C. § 1332. Specifically, this suit is removable because there is complete diversity of citizenship between Plaintiff and Dollar General and, upon information and belief, Plaintiff's claims injuries and

damages that exceed Seventy-Five Thousand and 00/100 Dollars ($75,000.00); exclusive of interests and costs.

4.     At the time of commencement of the action, Plaintiff was and still is a citizen and resident of South Carolina.  Dollar General which was the sole operator of the subject store at all times relevant to the present action, was at the time of the commencement of the action, and still is, a corporate entity organized and existing under the laws of a state other than South Carolina and having its principal place of business in a state other than South Carolina.  Specifically, pursuant to 28 U.S.C. § 1332(c)(1), Dollar General is a citizen of both Kentucky and Tennessee, as it is a Kentucky corporate entity with its principal place of business in Tennessee.

5.     Dollar General notes that Plaintiff has also named Dollar General's local registered agent, Corporation Service Co., as a defendant in this action.  Defendant Corporation Service Co. is fraudulently joined as an in-state defendant to this action, as there is no possibility that Plaintiff would be able to establish a cause of action against it.  *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); see also *Mayes v. Rapaport*, 198 F.3d 457, 464 (4th Cir. 1999) ("[I]n determining 'whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record . . . .'" (quoting *AIDS Counseling*, 903 F.2d at 1004)).  South Carolina negligence law does not create "an affirmative duty to maintain safe premises of a store merely by virtue of being an employee, absent some evidence of more substantial level of control of the business.  This Court has held that "[i]n considering whether an individual has exercised such control of the premises . . . a court will generally consider the individual's power or authority to manage, direct, superintend, restrict, regulate, govern administer, or oversee the management of the property." *Benjamin v. Wal-Mart Stores Inc*., 413 F.Supp.2d 652, 656 (2006).   Plaintiff makes no specific allegations against

Defendant Corporation Services Co., but instead lumps it into all of the allegations against Dollar General. See Pl.'s Compl. at ¶¶ 7-17. However, Defendant Corporation Services Co. is merely a local registered agent who is tasked with accepting service of process for Dollar General. Defendant Corporation Services Co. did not maintain any substantial level of control over the premises on the date of the incident or at any time, as it is not tasked with the operation or management of this or any other Dollar General Store. *See Benjamin v. Wal-Mart Stores Inc.*, 413 F.Supp.2d 652, 656-57 (2006); *see also S.C. Farm Bureau Mut. Ins. Co. v. S.E.C.U.R.E Underwriters Risk Retention Group*, 347 S.C. 333, 554 S.E.2d 870, 875 (S.C. Ct. App. 2001) (providing an example of South Carolina court's determination of substantial exercise of control, where a manager of a business, who, along with her husband, owned sixty percent of the stock in the business was deemed to effectively control what took place on the premises). There is also - questions as to whether Defendant Corporation Services Co. is truly an in-state entity, as it appears to be a local branch of Corporation Services Company, a global entity. *See* https://csc.global/. Thus, there is no legal possibility of legal recovery against Defendant Corporation Services Co. in the present action, and Plaintiff fraudulently joined it to avoid removal in this matter. Accordingly, Defendant Corporation Services Co.'s citizenship cannot be considered in determining complete diversity.

   6. Plaintiff's Complaint arises from an incident in which the Plaintiff was allegedly shopping in Dollar General's retail store located in Newberry, South Carolina, when she allegedly slipped and fell as a result of unsafe and unsecured items laying on the store aisle. *See* Pl. Compl. At ¶ 7. Plaintiff alleges Dollar General was negligent, careless and acted with a reckless disregard by failing to keep the floor safe, failing to adequately discover or correct any dangerous conditions and failing to properly staff the store. *See* Pl. Compl. At ¶ 13. Plaintiff further alleges that as a

result of the alleged incident she sustained extensive bodily injuries, pain and suffering, mental anguish, medical damages, past and future pain, lost wages and lifelong impairments. *See* Pl. Compl. at ¶ 16.

7.      Based upon the allegations of Plaintiff's Complaint and a pre-suit demand submitted to Dollar General seeking $150,000.00 in damages, the amount in controversy in this matter exceeds the sum of Seventy-Five Thousand 00/100 Dollars ($75,000.00), exclusive of interest and costs. Accordingly, said action is one over which the District Court of the United States has original jurisdiction under 28 U.S.C. § 1332 for the reasons set forth above.

8.      Dollar General hereby gives counsel for the Plaintiff written notice of the removal of this action and will provide a copy of the filed Notice of Removal to the Clerk of Court for Newberry County, as required by 28 U.S.C. § 1446(d).

9.      Dollar General files this Notice of Removal within thirty (30) days of the receipt of Plaintiff's Complaint in the state court action, which was the first pleading properly served upon Dollar General setting forth Plaintiff's claims for relief.

WHEREFORE, Dollar General respectfully submits this Notice of Removal this 3rd day of January, 2023.

*s/ Nashiba Boyd*
Nashiba Boyd, USDC ID No. 11408
nboyd@gaffneylewis.com
Sara E. Brakmann, USDC ID No.104082
sbrakmann@gaffneylewis.com
**GAFFNEYLEWIS LLC**
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
803.790.8838 (telephone)
803.790.8841 (facsimile)

*Attorneys for Defendant DOLGENCORP, LLC, d/b/a Dollar General Store #7219*